# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### PORTLAND DIVISION

| | | |
|---|---|---|
| **MICHAEL KLEIN,** | ) | Case No. 3:15-cv-01438-AC |
| | ) | |
| Plaintiff, | ) | **FINDINGS AND** |
| | ) | **RECOMMENDATION** |
| v. | ) | |
| | ) | |
| **CAROLYN W. COLVIN,** | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ACOSTA, Magistrate Judge:**

Michael Klein ("plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for Disability Insurance Benefits ("DIB"). Because the Commissioner's decision is supported by substantial evidence, her decision should be AFFIRMED.

### Procedural Background

Plaintiff filed his application for DIB on January 18, 2012, alleging disability as of June 10, 2011. (Tr. 17.) The Commissioner denied his application initially and upon reconsideration, and he requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. 114, 123, 193-96.)

An administrative hearing was held on November 13, 2013.  (Tr. 45-113.)  After the hearing, the

ALJ issued an unfavorable decision on January 31, 2014, finding plaintiff not disabled.  (Tr. 14-

44.)  The Appeals Council denied plaintiff's subsequent request for review, making the ALJ's

decision final.  (Tr. 1-13.)  This appeal followed.  Plaintiff argues that the ALJ erred by: (1)

failing to resolve a conflict between the vocational expert ("VE") testimony and the Dictionary

of Occupational Titles ("DOT"); (2) improperly rejecting the medical opinion of Vladimir Fiks,

M.D.; and (3) improperly rejecting his subjective symptom testimony.

*Factual Background*

Born in July, 1980, plaintiff was 33 years old at the time of the hearing.  (Tr. 228.)  He

completed the twelfth grade and earned a certificate in information technology.  (Tr. 233.)  He

stopped working in June, 2011 due to his conditions.  (Tr. 232.)  Plaintiff alleges disability due to

back injury, depression, anxiety, and a compressed nerve causing back spasms and severe pain

on his left side.  *Id.*

*Standard of Review*

The court must affirm the Commissioner's decision if it is based on proper legal

standards and the findings are supported by substantial evidence in the record.  *Hammock v.

Bowen*, 879 F.2d 498, 501 (9th Cir. 1989).  Substantial evidence is "more than a mere scintilla.

It means such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion."  *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v.

N.L.R.B.*, 305 U.S. 197, 229 (1938)).  The court must weigh "both the evidence that supports and

detracts from the [Commissioner's] conclusions."  *Martinez v. Heckler*, 807 F.2d 771, 772 (9th

Cir. 1986).  "Where the evidence as a whole can support either a grant or a denial, [a court] may

not substitute [its] judgment for the ALJ's." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted).

The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520(a). First, the Commissioner determines whether a claimant is engaged in "substantial gainful activity"; if so, the claimant is not disabled. *Yuckert*, 482 U.S. at 140; 20 C.F.R. § 404.1520(b).

At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140-41; 20 C.F.R. § 404.1520(c). If not, the claimant is not disabled. *Yuckert*, 482 U.S. at 141.

At step three, the Commissioner determines whether the impairment meets or equals "one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude substantial gainful activity." *Id.*; 20 C.F.R. § 404.1520(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

At step four, the Commissioner determines whether the claimant can still perform "past relevant work." *Yuckert*, 482 U.S. at 141; 20 C.F.R. § 404.1520(e). If the claimant can work, she is not disabled; if she cannot perform past relevant work, the burden shifts to the Commissioner. *Yuckert*, 482 U.S. at 141. At step five, the Commissioner must establish that the claimant can perform other work. *Id.* at 142; 20 C.F.R. § 404.1520(e) & (f). If the

Page 3 – FINDINGS AND RECOMMENDATION

Commissioner meets this burden and proves that the claimant is able to perform other work which exists in the national economy, she is not disabled.  20 C.F.R. § 404.1566.

*The ALJ's Findings*

The ALJ performed the sequential analysis.  At step one, he found that plaintiff had not engaged in substantial gainful activity since his alleged onset date.  (Tr. 20.)  At step two, the ALJ concluded that plaintiff had the following severe impairments: degenerative disc disease of the lumbar, thoracic and cervical spine; depressive disorder not otherwise specified ("NOS"); anxiety disorder NOS; and polysubstance use.  *Id.*  At step three, the ALJ determined that plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment.  *Id.*

The ALJ next assessed plaintiff's residual functional capacity ("RFC") and found that plaintiff has the RFC to "lift and carry ten pounds frequently and twenty pounds occasionally." (Tr. 23.)  He continued:

> [Plaintiff] can sit for one hour at a time, after which time he needs to stand and stretch for a few minutes (but not away from his work station).  In this manner, he can sit a total of six hours in an eight-hour workday.  He can stand and/or walk for two hours at a time, after which he requires a break.  With usual and customary breaks, he can stand and/or walk a total of six hours in an eight-hour workday.  He can occasionally stoop, kneel, crouch, crawl, or climb ladders or scaffolding.  He has an unlimited ability to balance or to climb ramps or stairs.  He should avoid concentrated exposure to extreme cold or hazards (such as heights and dangerous moving machinery).  He has sufficient concentration to understand, remember, and carry out simple and repetitive tasks.  He can concentrate in two-hour increments with usual and customary breaks throughout an eight-hour workday.  He can work in the same room with up to four other people, but should not work in coordination with them.  He can tolerate superficial and occasional contact with the general public.

*Id.*  At step four, the ALJ found that plaintiff was unable to perform any of his past relevant work.  (Tr. 36.)  At step five, the ALJ determined that plaintiff retained the residual functional capacity to perform the jobs that exist in significant numbers in the national economy, such as

Page 4 – FINDINGS AND RECOMMENDATION

small product assembler II.  (Tr. 36-37.)  The ALJ therefore concluded plaintiff was not disabled.  (Tr. 37.)

*Discussion*

I.    Conflict Between DOT and VE Testimony.

Plaintiff first argues that the ALJ failed to resolve a conflict between the DOT and the VE testimony, causing error at step five.   At the administrative hearing, the ALJ submitted a hypothetical to the VE consisting of limitations set forth in the RFC, including the limitation that plaintiff cannot work in coordination with others.  (Tr. 108-10.)  Based on this hypothetical, the VE testified that a worker with plaintiff's RFC could perform jobs that exist in the national economy, including small products assembler II.   (Tr. 111.)   The ALJ based his step five determination on this testimony.  (Tr. 36-37.)

Plaintiff contends that the VE testimony conflicts with the DOT, because assembly line workers such as small products assemblers typically work "in coordination with *many* other people."  (ECF No. 16, p. 6.)  Plaintiff alleges that the ALJ's step five finding that he can perform the job of small products assembler II is therefore inconsistent with his RFC.  Plaintiff, however, cites neither legal authority nor the DOT definition in support of his argument. *See id.*, p. 6-7.

The ALJ is entitled to rely upon VE testimony as substantial evidence to support a disability determination when the ALJ poses a hypothetical that accurately reflects the claimant's RFC.  *Massachi*, 486 F.3d at 1153.  Here, the DOT definition of small products assembler II does not indicate that working with or near others is required.   Small Products Assembler II, DOT Code 739.687-030, *available at* 1991 WL 680180.  While this occupation requires the worker to take instructions, the DOT indicates that the level of involvement with other people is

Page 5 – FINDINGS AND RECOMMENDATION

"Not Significant." *Id.* On this record, the court can find no conflict between the VE's testimony and the DOT. The ALJ was therefore entitled to rely on the VE's testimony as substantial evidence supporting his step five findings. The ALJ's step five findings should be affirmed.

II.    Medical Opinion of Dr. Fiks.

Plaintiff also argues that the ALJ erred by rejecting the medical opinion of treating physician Vladimir Fiks, M.D. In general, the opinion of a treating physician is given more weight than the opinion of an examining physician, and the opinion of an examining physician is given more weight than the opinion of a non-examining physician. *Ghanim v. Colvin*, 763 F.3d 1154, 1160 (9th Cir. 2014). "If a treating physician's opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record, [it will be given] controlling weight." *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007); 20 C.F.R. § 404.1527(c). To reject the uncontroverted opinion of a treating or examining physician, the ALJ must present clear and convincing reasons. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

If a treating or examining physician's opinion is contradicted by another physician's opinion, it may be rejected by specific and legitimate reasons. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001). When evaluating conflicting opinions, an ALJ is not required to accept an opinion that is not supported by clinical findings, or is brief or conclusory. *Id.* at 1149.

Dr. Fiks first evaluated plaintiff in October, 2010. (Tr. 1461.) He authored two letters regarding plaintiff's functioning, dated February 2012 and November 2013. (Tr. 1461-62, 1614-15.) In the 2012 letter, Dr. Fiks opines that prior to plaintiff's motor vehicle accidents in May, 2011, his back pain was primarily in the lumbar region, with minimal thoracic pain. (Tr. 1461.) He wrote that the motor vehicle accident was a substantial contributing factor to plaintiff's

current symptoms in the thoracic spine. (Tr. 1461-62.) Dr. Fiks determined that it was unclear whether plaintiff would be able to return to work after the accident. (Tr. 1461.)

Dr. Fiks's 2013 letter was submitted to the Agency "in an attempt to appeal the denial of social security benefits to [plaintiff]" after the Appeals Council denied plaintiff's request for review of the ALJ's non-disability determination. (Tr. 1614.) In that letter Dr. Fiks opined that a cyst on plaintiff's thoracic spine resisted conservative therapy and surgical intervention and required ongoing pain medications. *Id.* Dr. Fiks wrote that plaintiff had to stop working due to mediation side effects, and that although his symptoms waxed and waned plaintiff was unlikely to be able to sustain even part-time work. (Tr. 1614-15.)

The ALJ rejected Dr. Fiks's opinion. (Tr. 32-34.) As an initial matter, Dr. Fiks's opinion that plaintiff was unable to sustain even part-time work was contradicted by the opinions of state agency medical consultants Neal Berner, M.D., and Richard Alley, M.D., who each reviewed the medical evidence and concluded that plaintiff was not disabled. (Tr. 115-22, 125-36.) The ALJ was therefore require to provide specific, legitimate reasons for rejecting Dr. Fiks's controverted opinion. *Tonapetyan*, 242 F.3d at 1148.

The ALJ determined that Dr. Fiks's opinion was both internally inconsistent and inconsistent with the medical record as a whole. (Tr. 33.) It is the ALJ's duty to resolve conflicts in the record. *Morgan v. Comm'r*, 169 F.3d 595, 603 (9th Cir. 1999). Here, while Dr. Fiks opined that plaintiff's motor vehicle accident in May, 2011 was a substantial contributing factor to plaintiff's current symptoms in his thoracic spine, (Tr. 1461-62), plaintiff's medical records indicate that he suffered chronic and severe thoracic back pain prior to the accident. (Tr. 361-62, 369, 405-07 (medical records noting that the motor vehicle accident exacerbated, but did not cause, plaintiff's ongoing back problems).) Further, while Dr. Fiks's 2013 letter stated that

conservative and surgical interventions failed to cure plaintiff's thoracic symptoms which therefore required ongoing medications, his 2012 letter states that plaintiff's thoracic symptoms were very mild prior to the accident, suggesting that ongoing medication was not required.  (Tr. 1461-62, 1614-15.)  On this record, it was reasonable for the ALJ to resolve the apparent conflict within Dr. Fiks's two opinion letters as well as the conflict between Dr. Fiks's opinion and the medical records as a whole by assigning less weight to Dr. Fiks's opinion.  *Morgan*, 169 F.3d at 603.

The ALJ also found that plaintiff's work activity contradicted Dr. Fiks's opinion that the side-effects of plaintiff's medications would prevent him from performing substantial gainful activity.  (Tr. 33-34.)  Here, while Dr. Fiks opined that the side effects of opioid pain medication prevented plaintiff from sustaining gainful employment, the record indicates that plaintiff was capable of performing skilled work for several years while taking opiates for pain.  (Tr. 33-34, 1462.)  While susceptible to multiple interpretations, it was reasonable for the ALJ to resolve this conflict in the record by concluding that Dr. Fiks's opinion was entitled to less weight.  *Morgan*, 169 F.3d at 603.  In sum, the ALJ's evaluation of Dr. Fiks's opinion in light of the entire record was supported by substantial evidence and should be affirmed.

III.    Plaintiff's Testimony.

Plaintiff also argues that the ALJ erred by rejecting his subjective symptom testimony. The Ninth Circuit has developed a two-step process for evaluating the credibility of a claimant's own testimony about the severity and limiting effect of the claimant's symptoms.  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).  First, the ALJ "must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged."  *Lingenfelter v. Astrue*, 504 F.3d

Page 8 – FINDINGS AND RECOMMENDATION

1028, 1036 (9th Cir. 2007).  Second, "if the claimant meets the first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'"  *Id.*, quoting *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996).  The ALJ's overall credibility determination may be upheld even if not all of the ALJ's reasons for rejecting the claimant's testimony are upheld. *Batson v. Comm'r*, 359 F.3d 1190, 1197 (9th Cir. 2004).

The ALJ rejected plaintiff's testimony regarding his symptoms and limitations and provided clear and convincing reasons for doing so. (Tr. 21.)  First, the ALJ found that plaintiff was non-compliant with his medication recommendations and violated his pain contract.  (Tr. 28-29.)  Failing to follow a prescribed course of treatment is a relevant factor in evaluating a claimant's testimony.    SSR 96-7p, 1996 WL 374186, at *7 (1996).   Here, plaintiff was prescribed opiates to treat his back pain, and also used marijuana.  (Tr. 381.)  In April, 2010, treating physician Kara Kassay, M.D., advised plaintiff that if he continued to use marijuana, he could not use opiates for pain.  *Id.*  Despite this advice, plaintiff continued to use marijuana.  (Tr. 387, 403-04.)  Further, the ALJ noted that plaintiff regularly overused his prescribed opiates and consumed medications that were not currently prescribed to him.  (Tr. 28-29.)  For example, plaintiff tested positive for Valium when it was not currently prescribed, in violation of his pain contract.    (Tr.  1137-38,  1142.)    Plaintiff's  overall  noncompliance  with  medication recommendations constitutes a clear and convincing for rejecting plaintiff's subjective symptom testimony.

Second, the ALJ noted that plaintiff's daily activities were inconsistent with the degree of severity of his alleged limitations. (Tr. 29-30.)  A claimant's daily activities can form the basis of an adverse credibility finding when they contradict a claimant's testimony.  *Molina v. Astrue*,

674 F.3d 1104, 1113 (9th Cir. 2012). Here, for example, while plaintiff testified that he could only sit for 20 minutes at a time, he stated elsewhere that he was able to drive for up to 45 minutes at a time, and work on a computer for an hour at a time. (Tr. 29, 242, 560.) Further, while plaintiff stated that he could not perform household chores and daily activities by himself in his DIB application, he indicated elsewhere that he completes household chores and other activities alone. (Tr. 29, 240-42, 473, 479, 487, 494, 499.) Based on this conflict in the record between plaintiff's statements, it was reasonable for the ALJ to conclude that plaintiff's testimony was entitled to little weight. *Molina*, 674 F.3d at 1113. In sum, the ALJ provided legally sufficient reasons for rejecting plaintiff's testimony, and his finding should be affirmed.

### Recommendation

The Commissioner's decision is supported by substantial evidence in the record, and should therefore be **AFFIRMED**.

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due no later than fourteen days after the date this order is filed. The parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, any party may file a response within fourteen days after the date the objections are filed. Review of the Findings and Recommendation will go under advisement when the response is due or filed, whichever date is earlier.

DATED this 10th day of November, 2016.

JOHN V. ACOSTA
United States Magistrate Judge

Page 10 – FINDINGS AND RECOMMENDATION